UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN NGUYEN, | ) | 1:10-CV-01780 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| v. | ) | TO ENTER JUDGMENT AND CLOSE CASE |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO PROVIDE PETITIONER WITH BLANK |
| HECTOR A. RIOS, JR., | ) | FORMS |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

On September 28, 2010, Petitioner filed the instant petition for writ of habeas corpus. Petitioner complains that he is not being provided a full range of activities and educational or training programs as required by the program statements of the Bureau of Prisons.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his

1  claims are cognizable in a civil rights action rather than a habeas corpus action.  In the federal

2  context, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388

3  (1971), provides petitioners with a remedy for violation of civil rights by federal actors. <u>C.f.</u>, <u>Badea

4  v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners

5  should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

6       In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or

7  duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief and this petition

8  must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a

9  civil rights complaint pursuant to <u>Bivens,</u> 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

## CERTIFICATE OF APPEALABILITY

11       A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district

12  court's denial of his petition, and an appeal is only allowed in certain circumstances.  <u>Miller-El v.

13  Cockrell</u>, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a

14  certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

15      (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
district judge, the final order shall be subject to review, on appeal, by the court
16  of appeals for the circuit in which the proceeding is held.

17      (b) There shall be no right of appeal from a final order in a proceeding to test the
validity of a warrant to remove to another district or place for commitment or trial
18  a person charged with a criminal offense against the United States, or to test the
validity of such person's detention pending removal proceedings.
19
    (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an
20         appeal may not be taken to the court of appeals from–

21        (A) the final order in a habeas corpus proceeding in which the
detention complained of arises out of process issued by a State
22        court; or

23        (B) the final order in a proceeding under section 2255.

24      (2) A certificate of appealability may issue under paragraph (1) only if the
applicant has made a substantial showing of the denial of a constitutional right.
25
    (3) The certificate of appealability under paragraph (1) shall indicate which
26  specific issue or issues satisfy the showing required by paragraph (2).

27       If a court denies a petitioner's petition, the court may only issue a certificate of appealability

28  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

1  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed
2  further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the
3  petitioner is not required to prove the merits of his case, he must demonstrate "something more than
4  the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at
5  338.
6       In the present case, the Court finds that reasonable jurists would not find the Court's
7  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
8  deserving of encouragement to proceed further.  Petitioner has not made the required substantial
9  showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a
10 certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief;

2) The Clerk of Court is DIRECTED to enter judgment and close the case;

3) The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to <u>Bivens,</u> 403 U.S. 388 (1971) and 42 U.S.C. § 1983; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   October 12, 2010**           /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE